UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ERROL THOMAS,

                 Petitioner,                          <u>MEMORANDUM & ORDER</u>

        - against -                           04-CV-4691 (NGG)

WILLIAM E. PHILLIPS, Warden, Green Haven     **NOT FOR PUBLICATION**
Correctional Facility,

                 Respondent.
---------------------------------------------------------X

GARAUFIS, District Judge.

       Petitioner Errol Thomas brings this petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, challenging his state court conviction on the grounds that: 1) his state judgment of

conviction was based on insufficient evidence; and 2) his consecutive sentences for attempted

rape and rape, as well as for three counts of first-degree sexual abuse, violate the prohibition

against double jeopardy.  For the reasons set forth below, the petition for a writ of habeas corpus

is GRANTED in part and DENIED in part.

**I.      BACKGROUND**

       Sometime in July 1994, in their apartment at 85 East 31st Street in Brooklyn, the

petitioner touched his hand to the breast and vagina of his twelve-year old daughter, Sonica

Thomas, without her consent.  Almost a year later, between April 1, 1995 and May 31, 1995, the

petitioner beat sixteen-year-old Ricardo Thomas, thirteen-year-old Sonica, and ten-year-old

DelMarie Thomas in their Brooklyn apartment with an electrical cord.  In July 1995, at the same

location, the petitioner dragged thirteen-year-old Sonica into the bathroom and touched his hand

to her vagina and breast and then forced her hand on his penis. On February 20, 1996, the petitioner attempted to rape Sonica but was interrupted when Sonica's brother, Ricardo, entered the bedroom. After the petitioner told Ricardo to leave, he proceeded to rape Sonica. After the rape, the petitioner threatened to kill Sonica and Ricardo with a knife and gun. Ricardo jumped out the window to escape and sought help from a neighbor, who then alerted the police. The petitioner was apprehended immediately thereafter in his car. At the time of his arrest, the arresting officer saw a used condom fall out of the petitioner's pant leg.

On November 14, 1996, following a jury trial in New York State Supreme Court, Kings County, the petitioner was convicted of Attempted Rape in the First Degree (N.Y. Penal Law §§ 110.00/130.35[1]) (for the February 20, 1996 crime), Rape in the First Degree (N.Y. Penal Law § 130.35[1]) (for the February 20, 1996 crime), two counts of Sexual Abuse in the Second Degree (N.Y. Penal Law § 130.65[1]) (for hand-to-breast and hand-to-vagina contact between July 1, 1994 and July 31, 1994), three counts of Assault in the Second Degree (N.Y. Penal Law § 120.05[2]) (for assaults between April 1, 1995 and May 31, 1995 against Ricardo Thomas, Sonica Thomas, and DelMarie Thomas), and three counts of Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65) (for the hand-to-vagina, hand-to-breast, and penis-to-hand contact between July 1, 1995 and July 31, 1995).

On November 26, 1996, the petitioner was sentenced to consecutive terms of imprisonment for twelve and one-half to twenty-five years for first-degree rape, seven and one-half to fifteen years for attempted first-degree rape, and three and one-half to seven years for each of the first-degree sexual abuse (three counts) and second-degree assaults (three counts), for a sentence totaling forty-one to eighty years' imprisonment. In addition, the court sentenced the

petitioner to a concurrent one year term of imprisonment for the second-degree sexual abuse charge.

The petitioner appealed the judgment of conviction to the Supreme Court of New York, Appellate Division, Second Department ("Appellate Division"). In his brief, the petitioner argued:

> 1) the People presented legally insufficient evidence of guilt of sexual abuse in the first degree and second degree assault; alternatively, the verdict was against the weight of the evidence, thereby requiring dismissal of those counts;

> 2) because the attempted rape merged with the completed rape, that attempted rape conviction had to be dismissed or, alternatively, those sentences modified so that they ran concurrently with each other;

> 3) the petitioner was entitled to a new trial because the court, over objection, submitted a verdict sheet which included improper notations;

> 4) the petitioner was denied a fair trial and due process of law as a result of prosecutorial misconduct;

> 5) because the three first degree sexual abuse counts, and two second degree sexual abuse counts were based on no more than two continuous events, the imposition of consecutive sentences on all those counts was illegal, or alternatively, the sentence should be reduced as excessive.

On April 7, 2003, the Appellate Division unanimously affirmed the petitioner's judgment of conviction, finding that the trial evidence was legally sufficient to establish the petitioner's guilt of three counts of assault in the second degree beyond a reasonable doubt. People v. Thomas, 304 A.D.2d 593, 594 (2003). The Appellate Division further held that the trial court properly declined to merge the rape count with the attempted rape count; that the petitioner's arguments regarding prosecutorial misconduct were partially unpreserved for appellate review and, in any event, did not warrant reversal; that the trial court properly imposed consecutive

sentences for the petitioner's convictions of sexual abuse in the first degree and that the sentence imposed was not excessive; and that the petitioner's remaining contentions were either unpreserved for appellate review or without merit.  Id.

The petitioner thereafter sought leave to appeal, which was denied on August 5, 2003. The petitioner timely filed the instant petition for a writ of habeas corpus on November 1, 2004.

## II.  DISCUSSION

### A.  Sufficiency of Evidence

A defendant challenging the sufficiency of the evidence supporting a conviction faces a "heavy burden."  United States v. Glenn, 312 F.3d 58, 63 (2d Cir. 2002).  Claims of insufficiency of evidence upon which to base a conviction are cognizable claims of due process violations. Jackson v. Virginia, 443 U.S. 307, 316 (1979).  In Jackson, the Supreme Court held that on such a challenge to a state court conviction, pursuant to Section 2254, the petitioner is entitled to habeas corpus relief if it is found that, based on the evidence adduced at trial, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Id. at 319. The Court in Jackson explained that in reviewing the evidence, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."  Jackson, 443 U.S. at 326.  With these principles in mind, the court considers the petitioner's claim that the evidence was legally insufficient to prove the necessary elements of assault in the second degree and sexual abuse in the first degree.

### 1.  Second-Degree Assault

With regard to the sufficiency of evidence of the three counts of second-degree assault, the Appellate Division rejected the petitioner's claims on the merits, finding that the evidence was legally sufficient to establish the petitioner's guilt. <u>Thomas</u>, 304 A.D.2d at 593. Accordingly, the petitioner must demonstrate that the Appellate Division's determination was contrary to, or involved the unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1); <u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000). Because it was not unreasonable for the Appellate Division to determine that a rational trier of fact could have found the defendant guilty of three counts of second-degree assault beyond a reasonable doubt, the petitioner's sufficiency of evidence claim with regard to these counts fails.

At trial, Sonica testified that when the petitioner hit her hand and back with the cord, it hurt and she felt stinging inside. (Resp. Ex. B, Trial Tr. at 43.) Ricardo testified that the whipping, which resulted in scars on his hand, was painful. (<u>Id.</u> at 84-85.) DelMarie testified that when the petitioner beat her with the cord, "it hurted." (<u>Id.</u> at 132.) Ricardo heard his sisters crying during the beating. (<u>Id.</u> at 86.) The children also testified that the petitioner told them to take showers after the beating to make it hurt more. (<u>Id.</u> at 43-44, 85-86, 132-33.) As a result of the beating they received, Sonica suffered bruises on her back; DelMarie suffered bruises on her arm, back, and stomach; and Ricardo had small scars on his hands that were visible at the time of trial. (<u>Id.</u> at 41-44, 84-86, 131-33.)

The trial court correctly charged the jury under New York Penal Law § 120.05(2) that "a person is guilty of assault in the second degree when, with intent to cause physical injury to another, he causes injury to that person by means of a dangerous instrument," here, by means of an electrical cord. (Resp. Ex. B, Trial Tr. at 324.) The petitioner claims that there was

insufficient proof of "physical injury" to Ricardo, Sonica, and DelMarie. Physical injury is defined as "impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00 [9]. From the evidence, the jury was warranted in finding that during the beating, each of the children suffered impairment of a physical condition because of the resulting bruising or scars. See People v. Rivera, 183 A.D.2d 792, 793 (2d Dep't 1992) (evidence of physical injury sufficient where victim suffered scar on her elbow and "real pain" in her lower back lasting for approximately one month after crime). "Whether a victim has suffered 'substantial pain' is generally a question for the trier of fact who may consider, among other factors, the subjective reaction and perceptions of the victim . . . ." People v. Messier, 191 A.D.2d 819, 820 (3d Dep't 1993). The testimony from the three children that it was painful when the petitioner beat them with an electrical cord was legally sufficient evidence that they suffered "substantial pain." Accordingly, it was not unreasonable for the Appellate Division to determine that a rational jury could have found the petitioner guilty of three counts of second-degree assault.

## 2.    First-Degree Sexual Abuse

The petitioner's claim that the evidence at trial was legally insufficient to establish forcible compulsion with respect to the three counts of first-degree sexual abuse is equally meritless. Viewed in the light most favorable to the government, there was legally sufficient evidence that between July 1, 1995 and July 31, 1995, the petitioner subjected Sonica to sexual contact (hand to breast, hand to vagina, and penis to hand) by forcible compulsion. Sonica testified that during this period, when Sonica was thirteen years old, "it was only me in the house by myself with my father, and then he would normally pull me in the bathroom and touch my breasts and vagina, and then one day, he would take out his penis and he told me to hold it and I

did, and some white stuff came out of it." (Resp. Ex. A, Trial Tr. at 44-45.)  This testimony was consistent with Sonica's testimony that a year earlier, petitioner would drag her into the bathroom and touch her breast and vagina.  (Id. at 35-36.)

The trial court charged the jury that "[u]nder the law, a person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact by forcible compulsion" and that forcible compulsion meant "to compel; in this case, by physical force, another person to do something against their will."  (Resp. Ex. B at 313, 316.)[1]  The petitioner claims that "pulling" Sonica into the bathroom does not amount to the level of physical force necessary to sustain a sexual abuse conviction.  However, the petitioner was thirty-four years old at the time of trial and the jury could certainly perceive that the petitioner was substantially older and presumably bigger than his daughter.  The disparate age between the petitioner and his young daughter, coupled with testimony that he pulled her in the bathroom and had, at other times, dragged her in the bathroom to molest her, sufficiently proved the element of forcible compulsion.  See People v. Peraza, 288 A.D.2d 689, 690-91 (3d Dep't 2001) (testimony of fourteen-year-old victim that fifty-year-old defendant had "taken" her to his apartment in addition to testimony of prior occasions of sexual contact where she resisted going into his bedroom was sufficient to establish forcible compulsion); People v. Orda, 180 Misc.2d 450, 454-55 (Sup. Ct. Bronx Co. 1999) (forcible compulsion may be inferred from the facts leading up to the sexual abuse and "can be established by evidence that the defendant used his superior age, size and strength to prevent the victim from escaping, and to compel the victim to have sex with him") (citations omitted).  Therefore, the

---

[1] New York Penal Law § 130.00(8) states that forcible compulsion means to "compel by either: a) use of physical force; or b) a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person . . . ."

petitioner's application for a writ of habeas corpus on the ground of insufficiency of the evidence is denied.

### B. Double Jeopardy

In his second ground for relief, the petitioner claims that the imposition of consecutive sentences for his rape and attempted rape conviction, as well as for three counts of First-Degree Sexual Abuse, subjected him to Double Jeopardy. Among its purposes, the Double Jeopardy Clause "protects against multiple punishments for the same offense." Missouri v. Hunter, 459 U.S. 359, 366 (1983) (quotations omitted). "With respect to cumulative sentences imposed in a single criminal trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Id. Under New York law, consecutive sentences are prohibited "when imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other . . . ." New York Penal Law § 70.25.

### 1. Rape and Attempted Rape

The petitioner first asserts that because his attempted rape and rape conviction were one continuous action, briefly interrupted by Ricardo, the two actions "merged" and a consecutive sentence was improper. Contrary to the petitioner's claim, the petitioner's attempted rape and rape of Sonica did not constitute a single act. On February 20, 1996, at approximately twelve noon, the petitioner attempted to rape Sonica, but stopped when Ricardo walked into the room. (Resp. Ex. A, Trial Tr. at 46-52.) At that point, Sonica testified, "then my father had just come off of me and my brother saw him, and [the petitioner] told my brother to go and start the van."

8

(Id. at 52.)  Ricardo similarly testified that when he entered the room, he saw the defendant get off Sonica.  (Id. at 88-89.)  When the petitioner turned to face Ricardo, his penis was back in his pants.  (Id.)  Ricardo further testified that "[w]hen my father get up off her, [Sonica] s[a]t on the bed, and she was crying." (Id. at 89.)  At this point, the attempted rape was complete.  After Ricardo left the room, the petitioner made a conscious and separate decision to forcibly rape Sonica.  The petitioner told Sonica that now that "her brother had seen everything [the petitioner] was just going to do everything fully."  (Id. at 52-53.)  The petitioner then pushed Sonica down on the bed, held her down, and raped her.  (Id. at 53-54.)

The Appellate Division correctly concluded that the "trial court properly declined to merge the rape count with the attempted rape count."  Thomas, 340 A.D.2d at 593.  The courts of New York have held that intervening acts by a victim or third-party are sufficient to cleave a defendant's conduct into two separate and distinct actions.  See People v. Bonilla, 290 A.D.2d 454, 455 (2d Dep't 2002) (trial court properly imposed consecutive sentences on two counts of First-Degree Sexual Abuse where the complainant screamed and slapped the defendant, momentarily interrupting the attack); People v. Maxwell, 122 A.D.2d 425, 436 (3d Dep't 1986) ("Defendant's crimes, attempted rape and sodomy, were discrete and separate, the former having occurred inside defendant's car and the latter outside where the victim had been dragged after successfully warding off the rape attack.  Hence, consecutive sentences were not inappropriate."); People v. Jackson, 290 A.D.2d 644 (3d Dep't 2002) (evidence that victim was awakened by rape defendant's attempt to penetrate her, that he was stopped, and that a brief time later he did penetrate her, reasonably supported convictions for separate crimes of attempted rape and rape).  The court is unpersuaded by the petitioner's reliance on People v. Grant, 108 A.D.2d 623 (2d

9

Dep't 1985).  In <u>Grant</u>, the Appellate Division found that the defendant's failed attempt to rape the victim while she was standing followed by a direction to the victim that she kneel constituted one continuous act of rape.  Here, by contrast, the sequence of events was decisively broken by a third party, which abruptly caused the petitioner cease his attempt to rape Sonica.  At that point, the petitioner had the opportunity to discontinue his course of action, but nonetheless decided that he was "just going to do everything fully."  Because the consecutive sentences for attempted rape and rape were imposed for separate and distinct offenses, the petitioner was not subjected to Double Jeopardy.

### 2.    First-Degree Sexual Abuse

The petitioner also contests the consecutive sentences he received for three counts of First-Degree Sexual Abuse.[2]  At trial, Sonica testified that, sometime in July 1995, the petitioner "would normally pull me in the bathroom and touch my breasts and my vagina, and then one day, he would take out his penis and he told me to hold it and I did, and some white stuff came out of it." (Resp. Ex. A, Trial Tr. at 44.)   The prosecutor did not elicit any further testimony concerning whether the petitioner's actions were part of a single incident, or whether the petitioner had touched Sonica's breasts and vagina on separate occasions that month.  Based on the events of July 1995, the petitioner was charged, and convicted of, three counts of First-Degree Sexual abuse for hand-breast, hand-vagina, and penis-hand contact.  At the charge conference, the trial court, as well as the government and the defendant, operated with the understanding that the petitioner's actions occurred as part of a single transaction.  (Resp. Ex. B, Trial Tr. at 231-32.)

---

[2]  Although the petitioner also claims his consecutive sentencing for two Second-Degree Sexual Abuse counts was also improper, the trial court did not impose consecutive sentences for these counts.  (Resp. Ex. C, Sentencing Tr. at 21).

Although the defendant objected that he should not be charged with all three crimes since they took place at the same time, the trial court stated that, whether or not they were part of the same transaction, "[y]ou can do three separate things to someone." (Id. at 232.) Following his conviction, the trial court sentenced the petitioner to consecutive sentences for each count of First-Degree Sexual Abuse. Citing to People v. Bonilla, 290 A.D.2d 454, 455 (2d Dep't 2002), the Appellate Division determined that the trial court properly imposed consecutive sentences for these convictions. Thomas, 304 A.D.2d at 593.

The court is presented with the seemingly unaddressed question of whether consecutive sentences for multiple sexual abuse convictions stemming from a single incident involving the touching of multiple body parts of a single victim subjects a defendant to Double Jeopardy. New York Penal Law Section 70.25 prohibits consecutive sentences "when imposed on a person for two or more offenses committed through a single act . . . ." In sentencing the petitioner, the state court presumably viewed each instance of touching as a distinct "act," thereby avoiding the restrictions set forth under Section 70.25. As the text of the sexual abuse statute and New York case law make clear, however, the "act" in question is properly conceived as the uninterrupted episode of sexual abuse, not the incidents of body part touching that constitute the act of sexual abuse.

Under Section 130.65, a person is guilty of First-Degree Sexual Abuse in when he subjects another person to sexual contact, *inter alia*, by forcible compulsion. N.Y. Penal Law § 130.65. "Sexual contact" is defined as "touching the sexual or other intimate *parts* of a person ... for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor." N.Y. Penal Law § 130.00(3)

(emphasis added).  Thus, under Section 130.00(3) it is not contact with a single body part that necessarily constitutes sexual contact, but the touching of a body part, or parts, for the purpose of gratifying sexual desire.   Accordingly, the "act" at issue for First-Degree Sexual Abuse is the act of sexual contact for the purpose of sexual gratification, whether it is attained though touching one, or multiple body parts.  In the instant case, the hand-breast, hand-vagina, and penis-hand contact perpetrated by the petitioner were part of a single episode intended to gratify the petitioner's sexual desire. Where, as here, multiple touching constitutes a single, uninterrupted act of sexual gratification, consecutive sentences for the touching of individual body parts subjects a defendant to multiple punishments for the same act in violation of the Double Jeopardy Clause.

This court's determination is consistent with case law from New York courts.  In Bonilla, the defendant was charged with three counts of First-Degree Sexual Abuse for touching the complainant's buttocks and vagina, and then, after the complainant slapped the defendant, for touching her breasts.   Bonilla, 290 A.D.2d at 455.  The Appellate Division determined that "the charges of sexual abuse in the first degree under the first and second counts of the indictment essentially arose from a single act, and thus the sentences imposed thereon must run concurrently with each other."  Id.   With regard to the first and third count however, the court held that consecutive sentences were appropriate because "two distinct acts of sexual abuse occurr[ed] before and after the complainant slapped [the defendant]."  Id.; see also People v. Walker, 283 A.D.2d 972 (4th Dep't 2001) ("consecutive sentences were properly imposed where, as here, there was a temporal break between the acts of sexual abuse, rendering them separate and distinct acts"); People v. Shook, 743 A.D.2d 710 (3d Dep't 2002) (consecutive sentences legally

authorized where each sexual abuse charge was a separate and distinct act that occurred on different occasions).  Here by contrast, the testimony elicited by the prosecution is insufficient to determine whether the plaintiff's acts of sexual abuse occurred on one or multiple occasions in July 1995.  Indeed, the trial court, as well as the prosecution, both appeared to view the events as having taken place at the same time.  (Resp. Ex. B, Trial Tr. at 231-32.)  Absent evidence that the petitioner's act of sexual gratification was interrupted or took place on multiple occasions, the state court erred by imposing consecutive sentences on each First-Degree Sexual Abuse conviction.

## III.  CONCLUSION

For the foregoing reasons, the petitioner's application for a writ of habeas corpus is granted with respect to the state trial court's impermissible action in sentencing the defendant to consecutive terms of imprisonment for the conviction of three counts of First-Degree Sexual Abuse.  The petition for a writ of habeas corpus is denied in all other respects.  The state trial court is directed to resentence the defendant in a manner consistent with this opinion.


SO ORDERED.


Dated: September 27, 2005           /s/ Nicholas G. Garaufis
      Brooklyn, New York                NICHOLAS G. GARAUFIS
                                        United States District Judge